LAW LIBRARY

IN THE SUPERIOR COURT OF GUAM

SUPERIOR COURT
OF GUAM

2012 MAY -7 PM 1: 34

ROKE B. CASTRO; BRENDA CASTRO; )
Breana Castro, Rachel Castro & Elisha )
Castro, Minors by and through their Parents )
and Natural Guardians, ROKE CASTRO )
and BRENDA CASTRO; and LANI MATA )
)
         Plaintiffs, )
)
        v. )
)
UNITED SERVICES AUTOMOBILE )
ASSOCIATION, and Does 1-10 Inclusive )
)
        Defendants )
_____ )

**CIVIL CASE NO. CV0987-11**

**DECISION AND ORDER**

This matter came on regularly for hearing on February 22, 2012, before the HONORABLE ELIZABETH BARRETT-ANDERSON, on the Motion to Dismiss and In the Alternative to Strike Portions of the Plaintiff's Complaint. Movant-Defendant United Services Automobile Association, (hereinafter "USAA"), was represented by Attorney Randall Todd Thompson. Respondents-Plaintiffs were represented by Attorney William L. Gavras, Esq. Having heard arguments and considering the pleadings herein filed the Court herein GRANTS the Motion to Dismiss.

Defendants move to dismiss the complaint pursuant to GRCP 2(b)(6) failure to state a claim against USAA, or alternatively to strike request for attorneys' fees and prejudgment interest pursuant to GRCP 12(f). Defendant argues that direct action against the insurer is necessarily extinguished on *res judicata* principles once it is determined, as a matter of law, that no cause of action lies, or can lie, against the insured's estate.

The probate court determined on April 1, 2011 that there were no assets of the estate subject to distribution in Guam. The probate court discharged the administrator and terminated \

the probate proceedings.

Plaintiff argues *res judicata* does not apply based on the probate court's decision. The Court agrees. The probate court's decision was not a determination on the merits of liability of the insured or insurer. It was no more than a bar to the commencement of probate proceedings based on the fact the decedent has no estate to probate on Guam. The probate judge stated as much in his opinion, "The alleged creditors have not been able to establish the existence of any property subject to administration in Guam, however, if they later discover such assets, the Court will be able to re-open the proceedings to allow for the administration." Decision and Order at 11, Estate of Michael Turner, (PR 0155-09). This was not a determination of the insured's liability. Probate courts do not sit to determine issues of liability. Those matters are left to civil and equity courts. Whether USAA is liable to the Plaintiffs under its policy to the decedent-insured is at issue herein, and was not discharged by the probate court. Dismissal is denied.

USAA moves to dismiss pursuant to GRCP 12(b)(6) failure to state a claim upon which relief can be granted, more specifically the complaint fails to provide facts to properly plead a cause of action for negligence. Defendant charges that the complaint is "impermissibly vague and conclusory." Def. Reply Brief, *Atlantic Corp v. Twomby,* 550 U.S. 544; A complaint should not be dismissed for failure to state a claim unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Core Tech v. Hanil,* 2010 Guam 13, citng *Twomby* Id. at 56.

This is a negligence complaint. The complaint states that on or about June 17, 2009, the decedent was driving his vehicle when it collided with another vehicle driven and occupied by the Plaintiffs. Plaintiffs aver that decedent was negligent. The Court finds this is sufficient to state a claim for negligence. Colliding one's vehicle into another person's vehicle is outside the

normal care of a prudent person driving on the highway Had the complaint merely stated the decedent drove his car and was negligent, the Court would agree this would not be sufficient. It is not unreasonable to expect a sophisticated insurance company like USAA to know from the plain reading of the complaint that an accident occurred, involving its insured who is alleged to have collided with a third-party vehicle. Whether the decedent was negligent in causing the accident remains for the jury. USAA's motion to dismiss is denied.

USAA also requests the Court in the alternative to dismissal to strike Plaintiff's claim for attorneys' fees and pre-judgment interest. The Court agrees with USAA. The Guam Supreme Court has rejected attorney fees under the American Rule, and this Court has adhered to this rule without exception. As for pre-judgment interest relating to medical bills and lost wages, the Court also agrees with USAA that it is not awardable where the amount of damages claimed is the subject to conflicting evidence.

For the foregoing reasons USAA's motion to dismiss the complaint is DENIED. Further, the Court GRANTS USAA's motion to strike all claims for attorney fees, and pre-judgment interest.

SO ORDERED: **MAY 0 7 2012** .

_____
**HON. ELIZABETH BARRETT-ANDERSON**
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

MAY - 7 2012

Glenric J. Mendiola
Deputy Clerk, Superior Court of Guam